**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PEDRO LUIS RAMOS, III, individually and on behalf of persons similarly situated, | : | CIVIL ACTION NO. 3:23-CV-00610 (VAB) |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ADP SCREENING AND SELECTION SERVICES, INC., | : | |
| | : | |
| Defendant | : | JULY 11, 2023 |

<u>**DEFENDANT ADP SCREENING AND SELECTION SERVICES, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Now comes Defendant ADP Screening and Selection Services, Inc. ("Defendant" or "ADP Screening"), by and through its undersigned counsel, and for its Answer to the Complaint of Plaintiff Pedro Luis Ramos, III ("Plaintiff" or "Ramos"), states as follows:

<u>**ALLEGATIONS IN THE INTRODUCTION**</u>

1.      The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant states that the Fair Credit Reporting Act ("FCRA") and the court opinion referenced speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 1 of the Complaint to the extent that they are inconsistent with the FCRA and/or the court case cited.  Further answering, Defendant states that the FCRA is not a strict liability statute.  Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials and/or the court case cited to this case.  Further answering, Defendant denies all other allegations contained in Paragraph 1 of the Complaint.

2.    The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant admits only that it furnished a background screening results report on Plaintiff to Benevis, that this background screening results report was furnished to Benevis for a permissible purpose under the FCRA, that Benevis sent a pre-adverse action letter and an adverse action letter to Plaintiff, and that a third-party vendor conducted public record research services and provided the criminal record information that was reported on the original background screening results report provided to Benevis.  Further answering, Defendant states that the original background screening results report provided to Benevis speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 2 of the Complaint to the extent they are inconsistent with this original background screening results report.  Further answering, Defendant denies all other allegations contained in Paragraph 2 of the Complaint.

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.    Defendant denies the allegations contained in Paragraph 4 of the Complaint.

**ALLEGATIONS AS TO JURISDICTION AND VENUE**

5.    Defendant admits only that, upon information and belief, jurisdiction is proper with respect to the claims raised by Plaintiff on behalf of himself.  Further answering, Defendant denies that this case is appropriate for class treatment and denies that this Court has jurisdiction with respect to claims Plaintiff purports to raise on behalf of out-of-state class members.  Further answering, Defendant denies all other allegations contained in Paragraph 5 of the Complaint.

6.    Defendant denies the allegations contained in Paragraph 6 of the Complaint. Further answering, Defendant denies that this case is appropriate for class treatment and denies

that this Court has jurisdiction with respect to claims Plaintiff purports to raise on behalf of out-of-state class members.

## ALLEGATIONS AS TO THE PARTIES

7.      Defendant admits only that it is a Colorado corporation and states that its principal place of business is located at 301 Remington Street, Fort Collins, Colorado.  Further answering, Defendant denies all other allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits only that it is a consumer reporting agency as defined by the FCRA with respect to some of its activities.  Further answering, Defendant denies all other allegations contained in Paragraph 8 of the Complaint.

9.      Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

## ALLEGED LEGAL PRINCIPLES

10.      The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant states that the Consumer Financial Protection Bureau ("CFPB") and the court opinion referenced speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 10 of the Complaint to the extent that they are inconsistent with the referenced materials and/or the court opinion cited. Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials and/or the court case cited to this case.  Further answering, Defendant denies all other allegations contained in Paragraph 10 of the Complaint.

11.      The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive

pleading is required.  To the extent further response is required, Defendant states that the FCRA, including its statement of purpose, and the court opinion referenced speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 11 of the Complaint to the extent that they are inconsistent with the FCRA and/or the court case cited.  Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials and/or the court case cited to this case.  Further answering, Defendant denies all other allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant states that the FCRA and the court opinion referenced speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 12 of the Complaint to the extent that they are inconsistent with the FCRA and/or the court case cited.  Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials and/or the court case cited to this case. Further answering, Defendant denies all other allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant states that the court opinion referenced speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 13 of the Complaint to the extent that they are inconsistent with the court case cited.  Further answering, ADP Screening expressly denies the relevance or applicability of

the court case cited to this case.  Further answering, Defendant denies all other allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant states that the FCRA and the court opinion referenced speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 14 of the Complaint to the extent that they are inconsistent with the FCRA and/or the court case cited.  Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials and/or the court case cited to this case. Further answering, Defendant denies all other allegations contained in Paragraph 14 of the Complaint.

## ALLEGED FACTS

15.     In response to the allegations contained in Paragraph 15 of the Complaint, Defendant states that the referenced materials speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 15 of the Complaint to the extent that they are inconsistent with the referenced materials.  Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials to this case.  Further answering, Defendant denies all other allegations contained in Paragraph 15 of the Complaint.

16.     In response to the allegations contained in Paragraph 16 of the Complaint, Defendant states that the referenced materials speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 16 of the Complaint to the extent that they are inconsistent with the referenced materials.  Further answering, ADP Screening expressly denies

the relevance or applicability of the referenced materials to this case.   Further answering, Defendant denies all other allegations contained in Paragraph 16 of the Complaint.

17.     In response to the allegations contained in Paragraph 17 of the Complaint, Defendant states that the referenced materials speak for themselves; however, Defendant expressly denies the allegations contained in Paragraph 17 of the Complaint to the extent that they are inconsistent with the referenced materials.   Further answering, ADP Screening expressly denies the relevance or applicability of the referenced materials to this case.   Further answering, Defendant denies all other allegations contained in Paragraph 17 of the Complaint, and expressly denies that it has made any type of comment or admission in relation to providing inaccurate reports.

18.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies them.

19.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies them.

20.     Defendant admits only that it furnished a background screening results report on Plaintiff to Benevis and that this background screening results report was furnished for a permissible employment purpose under the FCRA.   Further answering, Defendant denies all other allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits only that one of the products ordered by Benevis in relation to Plaintiff's background screening results report was ADP Crim Radar and that this product resulted in no reportable records.   Further answering, Defendant denies all other allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits only that one of the products ordered by Benevis in relation to Plaintiff's background screening results report was a Connecticut, Hartford County Criminal Record Search, that it contracted with a third-party vendor to provide public record research services and that this third-party vendor provided public record research services in relation to Plaintiff's background screening results report.  Further answering, Defendant denies all other allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that its third-party vendor was contractually obligated to conduct public record research services by going to the applicable courthouse and that, upon information and belief, the third-party vendor did so.  Further answering, Defendant denies all other allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits only that its third-party vendor was contractually obligated to provide all relevant information available from the court record, including the information specifically delineated in the Vendor Services Agreement executed by the third-party vendor, to ADP Screening through Vendor Select and that its third-party vendor provided the results of its public record research to Defendant.  Further answering, Defendant denies all other allegations contained in Paragraph 24 of the Complaint.

25.     Defendant states that the public record research provided by its third-party vendor speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 25 of the Complaint to the extent that they are inconsistent with this specific public record research provided to Defendant.  Further answering, Defendant denies all other allegations contained in Paragraph 25 of the Complaint.

26.     Defendant states that the public record research provided by its third-party vendor speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 26

of the Complaint to the extent that they are inconsistent with this specific public record research provided to Defendant.  Further answering, Defendant denies all other allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint and expressly denies that the procedures outlined are reasonable, let alone, somehow mandated by the FCRA.

28.     The allegations contained in Paragraph 28 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint and expressly denies that the procedures outlined are reasonable, let alone, somehow mandated by the FCRA.

30.     The allegations contained in Paragraph 30 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive

pleading is required.  To the extent further response is required, Defendant admits only that it maintains a dispute process and complies with its dispute obligations under the FCRA.  Further answering, Defendant denies all other allegations contained in Paragraph 31 of the Complaint.

32.    The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions and/or consist of arguments rather than factual averments to which no responsive pleading is required.  To the extent further response is required, Defendant admits only that it maintains a dispute process and complies with its dispute obligations under the FCRA.  Further answering, Defendant denies all other allegations contained in Paragraph 32 of the Complaint.

33.    In response to the allegations contained in Paragraph 33 of the Complaint, Defendant states that Plaintiff's original background screening results report provided to Benevis speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 33 of the Complaint to the extent that they are inconsistent with this original background screening results report.  Further answering, Defendant denies all other allegations contained in Paragraph 33 of the Complaint.

34.    In response to the allegations contained in Paragraph 34 of the Complaint, Defendant states that Plaintiff's original background screening results report provided to Benevis speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 34 of the Complaint to the extent that they are inconsistent with this original background screening results report.  Further answering, Defendant denies all other allegations contained in Paragraph 34 of the Complaint.

35.    Defendant admits only that, following the dispute filed by Plaintiff, its third-party vendor stated that Plaintiff's day and month of birth are not consistent with the day and month of

birth on the criminal records the third-party vendor previously reported to Defendant.   Further answering, Defendant denies all other allegations contained in Paragraph 35 of the Complaint.

36.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies them.

37.     Defendant admits only that Plaintiff initiated a dispute on or about October 14, 2022 and that the dispute was initiated by telephone and via ADP Select.   Further answering, Defendant denies all other allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits only that it timely processed Plaintiff's dispute in compliance with its obligations under the FCRA and that based on its reinvestigation, Defendant issued an amended background screening results report on Plaintiff.   Further answering, Defendant states that Plaintiff's amended background screening results report speaks for itself; however, Defendant expressly denies the allegations contained in Paragraph 38 of the Complaint to the extent that they are inconsistent with this amended background screening results report.   Further answering, Defendant denies all other allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint and expressly denies that it failed to follow reasonable procedures to assure maximum possible accuracy as to Plaintiff or any other consumer.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## CLASS ALLEGATIONS

41.     Defendant admits only that Plaintiff purports to bring this action as a class action, but denies that this action is appropriate for class treatment.   Further answering, Defendant denies all other allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## ALLEGED CAUSES OF ACTION

### COUNT 1:     ALLEGED WILLFUL VIOLATION OF 15 U.S.C. § 1681e(b) AS TO PLAINTIFF AND THE CLASS

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

### COUNT 2:     ALLEGED NEGLIGENT VIOLATION OF 15 U.S.C. § 1681e(b) AS TO PLAINTIFF INDIVIDUALLY

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## ALLEGED DEMAND FOR RELIEF

61.     As to Plaintiff's Demand for Relief, the WHEREFORE Paragraph as to Count 1 and the WHEREFORE Paragraph as to Count 2, Defendant denies that Plaintiff and/or the purported class members are entitled to any relief, damages, remedy or procedure, including, but not limited to, those requested in the Demand for Relief and/or the Wherefore Paragraphs contained in Plaintiff's Complaint.  Further answering, Defendant specifically denies that it has violated any provisions of the FCRA and denies that this action is appropriate for class treatment.

62.     Defendant denies all allegations not expressly admitted in this Answer to the Complaint.

## DEFEENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.     The Complaint and each and every count thereof fail to state a claim upon which relief may be granted.

2.     Plaintiff's claims and/or the claims of the purported class members are barred because they are based upon conduct that occurred outside the applicable statute of limitations and/or are barred by the doctrine of laches.

3.     Plaintiff and/or the purported class members lack standing to assert some or all of the claims in the Complaint.

4.     Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

5.     Plaintiff and/or the purported class members have failed to mitigate their damages, if any.

6.     Plaintiff's alleged damages, if any, are estopped and/or subject to offset, set-off or other reduction to the extent that Plaintiff has already recovered for or otherwise obtained compensation to account for these same alleged damages in his separate case against New Benevis,

Inc.

7.    Plaintiff and/or the purported class members failed to take advantage of the preventative or corrective opportunities provided under the FCRA and by ADP Screening to avoid the alleged harm he and/or the purported class members otherwise seek damages to remedy.

8.    Plaintiff's and/or the purported class members' alleged damages, if any, were attributable in whole or in part to their own conduct and/or third parties over whom ADP Screening had no control and not to the actions or inactions of ADP Screening or its employees.

9.    The acts and/or omissions of the third-party vendor of which Plaintiff complains were all undertaken outside the scope of its agency with Defendant, and were undertaken without the knowledge or consent of the Defendant, and this Defendant may not be held liable for such acts and/or omissions.

10.    At all relevant times, ADP Screening has maintained and has followed reasonable procedures to assure maximum possible accuracy of the information contained in the consumer reports it provides.

11.    Plaintiff's claims and/or the claims of the purported class members fail to the extent that, at all relevant times with respect to Plaintiff and the purported class members, ADP Screening acted in good faith and complied fully with the FCRA, to the extent that the FCRA applies to Plaintiff's claims and/or the claims of the purported class members.

12.    Plaintiff's claims and/or the claims of the purported class members fail to the extent that their purported damages were the direct and proximate result of their conduct or the conduct of others.

13.    Plaintiff's claims as well as the purported class members' claims for punitive, exemplary and statutory damages fail to the extent that the Complaint fails to state a claim for

relief for punitive, exemplary and statutory damages and/or because ADP Screening's alleged actions do not constitute a violation, let alone a willful violation, of the FCRA.  *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007).

14.     The claims in the Complaint for alleged punitive or exemplary damages are barred and/or limited by the due process and equal protection clauses of the U.S. Constitution.  To the extent Plaintiff's Complaint seeks to make ADP Screening liable for punitive or exemplary damages, ADP Screening adopts by reference whatever defenses, criteria, limitations and standards are mandated by the U.S. Supreme Court's decision in *BMW North Am., Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny.

15.     The imposition of statutory penalties/damages would violate Defendant's rights, including the right to due process and equal protection under the United States Constitution and other laws.

16.     Plaintiff fails to properly state, meet, plead and/or otherwise satisfy each and every requirement to maintain a class action under Federal Rule of Civil Procedure 23.  Plaintiff's class allegations are barred as a matter of law because Plaintiff cannot satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

17.     Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Connecticut Constitution and the Fourteenth Amendment of the United States Constitution.

18.     The purported class is not certifiable because it is not ascertainable.

19.     Neither Plaintiff nor the purported class members are entitled to equitable relief insofar as equitable relief is not available under the FCRA and/or Plaintiff and the purported class have an adequate remedy at law in that they also request monetary damages, interest and an award

of attorneys' fees and costs.

20.     This Court lacks personal jurisdiction over Defendant with respect to non-Connecticut putative class member claims because the non-Connecticut putative class members did not interact with Defendant, a non-resident of Connecticut, or suffer any alleged harm from Defendant within the state of Connecticut.

21.     Plaintiff's assertion of a class that includes non-Connecticut putative class members, who have not suffered any alleged harm, against a Defendant, who is not a resident of Connecticut, violates the due process rights of the non-resident Defendant in contravention of the Connecticut Constitution and the United States Constitution as set forth by the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773 (2017).

22.     ADP Screening expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of discovery and investigation of this matter.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, having answered Plaintiff's Complaint, Defendant hereby demands that the Complaint be dismissed with prejudice as to future action; that Plaintiff and all other individuals on whose behalf Plaintiff purports to assert claims be denied all relief demanded in the Complaint; that Defendant be awarded its costs, expenses and attorneys' fees in defending this action; and that Defendant be awarded any or other further relief to which it is entitled.

DEFENDANT
ADP SCREENING AND SELECTION
SERVICES, INC.

By its attorney,

_/s/ Jeffrey A. Fritz_____
Jeffrey A. Fritz, ct26667
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
(617) 722-0044
_jfritz@fisherphillips.com_


## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_/s/ Jeffrey A. Fritz_____
Jeffrey A. Fritz